MARGARET TIDD, Plaintiff, *v.* C. B. SKINNER and S. W. SKINNER, Doing Business under the Name, Style and Title of C. B. SKINNER & COMPANY, Defendants.

(Supreme Court, Schenectady Special Term, March, 1916.)

*New trial — newly discovered evidence in action for loss of services of son who contracted drug habit through agency of defendants.*

MOTION for a new trial upon newly discovered evidence.

James J. Barry, for plaintiff.

Christopher J. Heffernan, for defendants.

KELLOGG, H. T., J. This is a motion for a new trial upon newly discovered evidence. The action is that

of a mother for loss of services of a son due to the contraction by him of the heroin drug habit through the agency of the defendant druggists. A jury awarded a verdict in favor of the mother in the sum of $3,000. A judgment entered upon the verdict of the jury was affirmed upon appeal to the Appellate Division. The case is reported in 171 Appellate Division, 98.

Leo Rooney, the son of the plaintiff, was an undoubted victim of the drug habit. He regularly consumed in the course of a week from 500 to 1,000 tablets of heroin of one-twelfth of a grain each. He purchased these enormous quantities somewhere. The chief inquiry upon the trial was, " Did he purchase them of the defendants? "

Leo Rooney and the witnesses Slavin and Von Stettina gave testimony that he did. Each of these men was a drug fiend and a criminal with a generous record of convictions. The defendant Charles Skinner, his wife and two clerks, testified that he made no purchases at the store of the defendants. Yet the jury believed he did, and the Appellate Division in affirming the verdict remarked: " Our examination of the record convinces us that the numerous sales of this drug to the plaintiff's son, continuing over a long period of time, have been established by overwhelming evidence. We say overwhelming notwithstanding the fact that the three principal witnesses for the plaintiff were each drug fiends and were each criminals." 171 App. Div. 99.

It now appears that Slavin and Von Stettina have made statements refuting their testimony given upon the trial. Affidavits signed by them are not filed by the defendants. On the contrary Slavin in an affidavit reaffirms his former testimony. The question arises whether such evidence is of sufficient weight to make probable a contrary result upon a new trial.

Clearly the word and oath of Slavin and Von Stet-

tina did not convince the jury. They were men without character for truthfulness. The very habit of which they were victims made them liars and criminals, and the jury was so informed. Of the heroin habit an eminent pharmacologist, a witness for the plaintiff, told them: " By affecting the human intellect it retrogrades the morals, it affects the morals, it affects the will power, it produces an immense liar, absolutely untruthful, they lie perpetually, and they will commit any sort of a crime to obtain the drug." Plainly it was the inherent truth of the story told, by itself, which brought conviction. It could have been nothing else, for though told by three lying criminals, and denied by four undiscredited witnesses, it was believed by the jury, and regarded as " overwhelming " by an appellate court. As the word of these witnesses supporting the story was worthless so is it worthless when they tell that the story was false. Their recent statements are not at all surprising. In the hands of skillful detectives these men who " lie perpetually " must easily have recanted. They cannot, however, thereby destroy a story which in · spite of their known untruthfulness proved conclusive.

It is shown that upon a certain trial in the year 1914 Leo Rooney swore that he had contracted the heroin habit four and one-half years previously, or two years before he entered the store of the defendants. He may indeed have been a user of the drug for that length of time. But the important question is, when did he become a user to such excess that his mother lost his services. Rooney's statement fixing the time as being after the date that he first traded with the defendants is corroborated by his subsequent criminal record and the falling ·off in extent of his hours of employment.

For all these reasons the motion is denied.

Motion denied.